IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT TORRES,

    Plaintiff,

v.     No._____

FRANCISCO HERNANDEZ, in his individual capacity,
TIMOTHY McCARSON, in his individual capacity,
JENNIFER GARCIA, in her individual capacity,
PATRICK APODACA, in his individual capacity,
RAYMOND D. SCHULTZ, in his individual capacity, and
CITY OF ALBUQUERQUE,

    Defendants.

## COMPLAINT FOR DAMAGES
## FOR VIOLATION OF CIVIL RIGHTS

Plaintiff Robert Torres, by and through counsel, Jason J. Lewis and Kari T. Morrissey, brings this complaint under 42 U.S.C. § 1983 for damages resulting from injuries suffered as the result of an unlawful detention by Defendants Francisco Hernandez, Timothy Garcia, Patrick Apodaca and Jennifer Garcia, and for injuries suffered resulting from Constitutional violations by Raymond D. Schultz and the City of Albuquerque.  Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction and Venue are proper in the United States District Court for the District of New Mexico pursuant to 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 1343.  Plaintiff is a resident of New Mexico and the acts complained of occurred exclusively within New Mexico.

### PARTIES

2.     Plaintiff is a resident of the County of Bernalillo, City of Albuquerque, New Mexico.

3.Defendants Francisco Hernandez, Timothy McCarson, Patrick Apodaca and Jennifer Garcia were at all times relevant to this Complaint employed by the City of Albuquerque as police officers.  At all times material to this Complaint, Defendants Hernandez, McCarson, Apodaca and Garcia were acting in the course and scope of their employment and under color of state law.

4.Defendant Raymond D. Schultz was at all times relevant to this Complaint employed by the City of Albuquerque and a resident of Bernalillo County.  At all times relevant to this complaint, Defendant Schultz was acting under color of state law within the scope of his employment as Chief of the City of Albuquerque's Police Department.

5.Defendants Hernandez, McCarson, Apodaca, Garcia, and Schultz are sued in their individual capacities.

6.Defendant City of Albuquerque is a municipality and political subdivision of the State of New Mexico.  Defendant City of Albuquerque is a person subject to suit under 42 U.S.C. § 1983 and a governmental entity subject to suit under state law.

## GENERAL ALLEGATIONS

7.On or about November 11, 2010, Albuquerque Police Department (APD) received a 911 call from Hilda Valdez in reference to an individual identified as Russell (Ray) Tenorio threatening to harm himself with a knife inside the Tenorio residence.

8.Also present in the Tenorio residence were Michelle Tenorio (Ray Tenorio's wife) and Plaintiff Robert Torres.

9.When APD officers arrived, approximately four officers entered the residence.

10.One officer was armed with a beanbag shotgun, a second officer was armed with a Taser gun, and the remaining two officers were armed with lethal force (duty pistols).

11.	When the officers arrived, Mr. and Mrs. Tenorio were in the kitchen along with Plaintiff Robert Torres.  Valdez, who placed the 911 call, was located outside the home in the front yard.

12.	Officers ordered everyone to exit the kitchen.  Mrs. Tenorio exited first, with Mr. Tenorio following behind her.

13.	Mr. Tenorio exited the kitchen with the knife lowered at his side.

14.	The officers ordered Mr. Tenorio to drop the knife.  In a matter of seconds, however, two officers fired simultaneously both the Taser gun and a regular handgun, each hitting Mr. Tenorio.

15.	Immediately after the shooting, Defendant Hernandez placed Mr. Torres into handcuffs and escorted him outside the residence.

16.	Upon information and belief, Defendant Apodaca served as the incident commander and gave orders to subordinate officers regarding the detention of witnesses.

17.	Defendant Garcia, a commanding sergeant, escorted Mr. Torres to Defendant McCarson's patrol unit and ordered Defendant McCarson to hold Mr. Torres in custody.

18.	Defendant McCarson held Mr. Torres in the back of his patrol unit for a total period of approximately two to two-and-one-half hours.

19.	While in the back of Defendant McCarson's patrol unit, Mr. Torres attempted to place a call from his personal cellphone, at which time Defendant McCarson seized the cellphone from Mr. Torres.

20.	Defendant McCarson did not obtain a warrant prior to seizing the cellphone from Mr. Torres and lacked any other legal justification for the seizure.

21.	After being detained in the patrol unit, Mr. Torres was detained for an additional period of time while APD officers interviewed and took photographs of him.

22. Mr. Torres was not free to leave at any time during his lengthy detainment by Defendants Hernandez, McCarson, Apodaca and Garcia.

23. Defendants lacked probable cause or reasonable suspicion to detain Mr. Torres.

24. Mr. Torres's constitutional rights were clearly established at the time relevant to his Complaint.

### COUNT I.  42 U.S.C. § 1983 CONSTITUTIONAL DEPRIVATIONS UNDER THE FOUTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS HERNANDEZ, McCARSON, APODACA AND GARCIA FOR UNLAWFUL DETENTION

27. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28. Defendants Hernandez, McCarson, Apodaca and Garcia detained Plaintiff without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime.

29. Defendants Hernandez, McCarson, Apodaca and Garcia far exceeded constitutionally permissible parameters for an investigative detention.

30. Defendant Hernandez, McCarson, Apodaca and Garcia's unlawful detention of Plaintiff was objectively unreasonable, intentional, willful, and wanton.

31. Defendant Hernandez, McCarson, Apodaca and Garcia's unlawful acts and violation of Plaintiff's rights proximately caused Plaintiffs damages and injuries, including emotional injury and suffering.

32. All of the above-described acts and omissions of Defendants Hernandez, McCarson, Apodaca and Garcia were done in a manner which was reckless, deliberately indifferent, and/or intentionally violated the Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

33.     Punitive damages are appropriate to punish and deter Defendants Hernandez, McCarson, Apodaca and Garcia and other officers in the Albuquerque Police Department from future similar conduct of deliberately violating the Fourth Amendment rights of citizens.

WHEREFORE, Plaintiff seeks judgment against Defendants Hernandez, McCarson, Apodaca and Garcia for compensatory and punitive damages and an award of attorney's fees and costs.

### COUNT IV. SUPERVISORY AND MUNICIPAL LIABILITY CLAIMS UNDER 42 U.S.C. § 1983 FOR CONSTITUTIONAL DEPRIVATIONS OF PLAINTIFF'S FOUTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANTS SCHULTZ AND CITY OF ALBUQUERQUE

34.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35.     Upon information and belief, Defendants Schultz and City of Albuquerque have been sued previously for precisely the same type of Constitutional violations at issue in the present lawsuit.

36.     Those lawsuits resulted in clear instructions to the Defendants from the 10th Circuit finding that investigatory detentions requiring more than a brief stop are unconstitutional.

37.     Detective Andrea Ortiz, the lead detective on the case, confirmed in a recorded interview that APD's "standard procedure" is to place witnesses into custody.

38.     Upon information and belief, Defendant Schultz is aware of the clearly established constitutional requirements regarding investigatory detentions but has permitted APD officers to continue to make custodial detentions of citizens in violation of the constitutional requirements despite this knowledge.

39.     Moreover, Defendant Schultz took no supervisory action to prevent or correct unlawful behavior during the period of time relevant to this Complaint. Defendant Schultz' supervisory actions and failures to act, in light of his knowledge, was so culpable as to constitute approval,

acquiescence, and ratification of Defendant Hernandez, McCarson, Apodaca and Garcia's misconduct.

40. Defendant Schultz' failure to adequately train and control APD officers, including Defendants Hernandez, Apodaca, and Garcia constituted deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights.

41. Defendant Schultz's failure to supervise, and failure to prevent the misconduct of Defendants Hernandez, Apodaca, and Garcia constituted a custom, practice, and policy of deliberate indifference to the rights of Plaintiff and other citizens which affirmatively and proximately caused Plaintiff's injuries.

42. Defendant City of Albuquerque is liable under 42 U.S.C. § 1983 for the custom, practice, and policy described above.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendants Schultz and for compensatory damages against Defendant City of Albuquerque, together with attorneys fees and costs.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts.

Respectfully Submitted,

_____/s/_____
Jason J. Lewis
Kari T. Morrissey
Morrissey | Lewis
201 12th Street NW
Albuquerque, NM 87102
(505) 244-0950